New Orleans & North Eastern Railroad Company

*v.*

T. M. Thornton.

Railroad Company. *Liability for injury to horse. Case in judgment.*

In an action against a railroad company for injuring a horse, the evidence developed these facts: A horse grazing on the "dump" of a railroad, or that portion of the road-bed lying out-side of the track, and which was only three or four feet high, became frightened at an approaching train and ran along by the side of the railroad until the train came up with and passed it, in part, when it turned off so terrified that it rushed across certain "barrow pits," and injured itself so that it died. The engineer saw the animal running ahead of the train, but did nothing to prevent injury to it. *Held,* that, upon such facts, the railroad company is not liable for the injury complained of.

APPEAL from the Circuit Court of Marion County.

HON. S. H. TERRAL, Judge.

This is an action brought by T. M. Thornton against the New Orleans and North Eastern Railroad Company for damages for the killing of his horse.

The evidence shows that the horse was grazing on the railroad " dump; " that the engineer saw him 30 or 40 yards ahead of his engine, when the horse began to run ahead of the engine and continued so to run on the " dump," which was not more than three or four feet high, for 150 or 200 yards, when he turned aside and ran across some " barrow " pits, and was afterwards found in the bed of a creek, 20 or 30 yards from the track jammed under some logs, and when taken out he was broken down in the loins, and died from such hurt soon afterwards.

The engineer did not check up the train or do anything to prevent the fright and injury of the horse. The effect of the evidence on the points of dispute is stated sufficiently in the opinion of the court. The jury found for the plaintiff and there was judgment in his favor. The defendant appealed.

*Fewell, Watkins & Brahan,* for the appellant.

The plaintiff in the court below failed to prove a *prima facie* case, as required under § 1059, Revised Code of 1880.

There is no proof of injury inflicted by the running of appellant's cars on the horse sued for, and until such proof was made appellants were not required to offer any testimony, but were entitled to a verdict.

The theory of appellant, that the horse fell over the logs in the " dump " and broke his leg, is the correct one, or at least there is no proof to support any other; and the jury should have been told to find a verdict for the defendant in the court below. See *I. C. R. R. Co.* v. *A. E. Weathersby,* 63 Miss., page 581; also, *N. O. & N. E. R. R.* v. *W. E. Jones (not reported.)*

*S. B. Watts,* for the appellee.

The sole question in this case is one of fact; was the testimony adduced by plaintiff in the court below sufficient proof of the injury to plaintiff's property to authorize a verdict in his favor. If that is so, then, under Sec. 1059, Code, such proof is *prima facie* evidence of the want of reasonable care, etc., on the

part of defendant's servants, and, since there was no effort to overcome this presumption, the verdict was right, and that being the only point in the case, the judgment should be affirmed.

*Calhoon & Green*, on the same side.

The only points made in the assignment of error are that the verdict is against the law and the evidence, and that the evidence did not make a *prima facie* case for the plaintiff under *Code Sec. 1059.*

But the great preponderance of the evidence shows negligence on the part of the engineer. He should have seen the animal, should have blown the cattle alarm, and even stopped his train if necessary.

*Newman* v. *V. & M. R. R. Co.*, 64 Miss., 115, and the authorities cited by appellant's counsel.

An animal running right along in advance of an engine is entitled to as much consideration from the engineer as one running absolutely on the track. It is different, of course, where  .  it is some distance off to one side, as held in Brumfield's case, 64 Miss., 637. The law requires such action as is dictated by ·common sense.

CAMPBELL, J., delivered the opinion of the Court.

The verdict is manifestly wrong. It is without evidence to support it. The witness testified that the horse was struck by the train, and there is much in the evidence to induce the belief that it was not injured by the train, and that the true state of the case is that the horse ran along by the side of the railroad until the train came up with and passed it, in part, when it turned off so terrified that it rushed across the " barrow pits" and injured itself; and, if this be true, the appellant is not .answerable for the misfortune of the brute and its owner in this ·catastrophe. Undoubtedly a railroad company may incur responsibility for injuries to a horse not struck by the train, but only where some wrong is done by its servants, and none is shown here. It was not required that the train should be ·stopped or checked because the horse was near the road, and ran along it. Not to stop or check the train under the circum-

stances may have been to take the risk of the horse getting on
the track and being injured, whereby responsibility would have
been incurred; but that was the extent of the risk.

*Reversed and remanded.*